UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DARRYL HINES,** | : | Case No. 1:06 CV 2233 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **SUBODH CHANDRA, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

This case arises on the Plaintiff's Motions for a New Trial, to Alter or Amend the Judgment and to Vacate Judgment (collectively, "Hines' Motions") (Doc. 77).[1] The Plaintiff, Darryl Hines ("Hines"), filed (1) his Motion for a New Trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure; (2) his Motion to Alter or Amend the Judgment pursuant to Rule 59(e); and (3) his Motion to Vacate Judgment pursuant to Rule 60(b)(4) and (6). (*Id.*) The parties fully briefed these post-judgment motions and they are ripe for adjudication. For the reasons articulated below, the Court **DENIES** Hines' Motions.

A dispute over attorneys' fees is at the heart of this case. In its Order of February 23, 2009 granting the Defendants' motion for summary judgment with respect to all of Hines' claims and dismissing the case, the Court set forth the factual and procedural background of this case in detail. (Docs. 75.)[2] That explication is expressly incorporated into this Order and, in the interest of judicial

---

[1] Hines filed three distinct motions, but all three are contained within ECF Docket No. 77.

[2] The Court's Judgment Entry of the same date dismissed the case. (Doc. 76.)

efficiency and economy, will not be repeated here.

Hines' Motions challenge the Court's decision granting the Defendants' motion for summary judgment (Doc. 75). Upon full review of Hines' Motions and all of the parties' briefs, the Court finds that the motions dispute the accuracy of the Court's analysis and conclusions, but do not advance arguments or submit evidence beyond that advanced and submitted in connection with the extensive[3] briefing associated with the Defendants' motion for summary judgment.[4] With this in mind, the Court finds that Hines cannot satisfy the standard for a Rule 59(a), 59(e), or 60(b) motion. Accordingly, each of Hines' Motions is **DENIED**.

First, Hines admits in his reply brief that his Motion for a New Trial pursuant to Rule 59(a) is "procedurally incorrect" because a trial never occurred in this case. Hines is correct, and his Motion for a New Trial is **DENIED** accordingly.

With respect to the remaining motions, it is well-established in the Sixth Circuit that a Rule 59(e) and Rule 60(b) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'n of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (discussing Rule 59(e)); *see also GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal."); *Jalapeno Property Mgmt. LLC v. Dukas*, 256 F.3d 506, 510 n.5 (6th Cir. 2001) ("Rule 60(b) relief was not

---

[3] For a full accounting of the briefing associated with the motion for summary judgment, see footnote 1 of the Court's Order of February 23, 2009. (Doc. 75.)

[4] Hines takes issue with footnote 9 of the Court's Order of February 23, 2009 and requests that the Court "correct" the Order to state that the State of Ohio suspended Hines' license to practice law due to non-compliance with continuing legal education requirements (as opposed to disciplinary violations). Although the Court notes that footnote 9 does not state that Hines' license was suspended for disciplinary reasons, the Court also notes that Hines' request accurately clarifies the reason his license was suspended. Accordingly, by virtue of this footnote, the Court has addressed Hines' concern.

meant to substitute for a timely appeal to this court."); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (same). Instead, motions pursuant to Rules 59(e) and 60(b) are appropriate in a very limited range of circumstances.

The Court in *Bollenbacher* described the circumstances justifying relief under Rule 59(e) as follows:

> A motion to amend or alter judgment under the Federal Rules of Civil Procedure 59(e) calls for the court to reconsider its decision after the entry of final judgment. Fed.R.Civ.P. 59(e); *Pechatsko v. Commissioner of Social Security*, 369 F.Supp.2d 909, 911 (N.D.Ohio 2004). The motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case. *Pechatsko*, supra, 369 F.Supp.2d at 911.
>
> Only three situations justify altering or amending a judgment under Rule 59(e): 1) newly discovered evidence; 2) intervening change in controlling law; or 3) need to correct clear legal error to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005). The district court has great discretion in deciding whether to grant relief under Rule 59(e). *Id.* at 619-20.

621 F. Supp. 2d at 500-01. Here, upon full review of Hines' motion and the parties' briefing, Hines has not submitted newly discovered evidence or identified an intervening change in controlling law. The Court, moreover, certainly cannot conclude that there is a need to correct "clear legal error" given that Hines has not advanced new arguments or directed the Court to any authority that would change the Court's analysis or conclusions as set-forth in the Order of February 23, 2009 (Doc. 75). Accordingly, Hines' Motion to Alter or Amend Judgment pursuant to Rule 59(c) is **DENIED**.

Similarly, Hines' Motion for Relief from Judgment or to Vacate Judgment pursuant to Rule 60(b)(4) is nothing more than a request for the Court to change its mind. Rule 60(b)(4) allows the district court to grant relief from a "void" judgment. Fed. R. Civ. P. 60(b)(4). A judgment is void if the "rendering court lacked subject matter jurisdiction." *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003). Hines argues that the Court lacked jurisdiction to find that he violated an Ohio Rule of

Professional Responsibility because the Ohio Supreme Court has exclusive jurisdiction over such findings. Hines asserted this argument in connection with the motion for summary judgment, however, and the Court addressed it directly in its Order of February 23, 2009 (Doc. 75). Nothing in Hines' Motions persuades the Court that it lacked subject matter jurisdiction to render a decision in this case. Accordingly, Hines' Motion for Relief from Judgment or to Vacate Judgement pursuant to Rule 60(b)(4) is **DENIED**.

Likewise, Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper*, 867 F.2d at 294); *see also Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (collecting cases holding same). Public policy, moreover, "favor[s] finality of judgments and limits the availability of relief under the rule . . . especially . . . in an application of subsection (6) of Rule 60(b)." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d at 372 (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)) (omitting quotations). For example, even intervening changes in applicable law do not justify relief under Rule 60(b)(6) without some other special circumstances. *Id*. at 373. Here, Hines does not identify intervening changes in controlling law, or any other special circumstances. His Rule 60(b)(6) motion is simply an inappropriate attempt to appeal the Court's decision by asserting the same facts and arguments he raised in connection with the Defendants' motion for summary judgment. Accordingly, Hines' Motion for Relief from Judgment or to Vacate Judgement pursuant to Rule 60(b)(6) is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Hines' Motions for a New Trial, to Alter or Amend the Judgment and to Vacate Judgment (Doc. 77) are **DENIED**.

**IT IS SO ORDERED.**

                                                  **s/Kathleen M. O'Malley**
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated: November 18, 2009**