IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL HINES, | ) | CASE N0. 1:06 CV 02233 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | |
| v. | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| SUBODH CHANDRA, *ET AL.*, | ) | **RECUSAL** |
| | ) | |
| Defendants. | ) | |

Defendants, City of Cleveland, *et al.* respectfully file this Brief in Opposition to Plaintiff's Motion for Recusal.

**I.    FACTUAL ANALYSIS**

The Court knows this case well. Defendants disagree with Plaintiff's summary of the facts and with Plaintiff's statement of the case. For instance, Mr. Hines claims in the motion for recusal: "Although the city challenged the plaintiff and argued that his representation was improper, it did not contend or attempt to demonstrate that the plaintiff here had breached his duty of confidentiality owed to them." (Mot. Recusal at 2.) To the contrary, this is exactly what the City has been contending all through this legal matter and the several matters filed prior to this matter. The City presented clear testimony to Magistrate Judge Vecchiarelli by his former subordinates that Mr. Hines discussed Fair Labor Standards Act issues involving city police dispatchers with the city attorneys working under him, and then months later, after Mr. Hines had left the City's employ, Mr.

Hines began to represent those very employees against the City. This testimony is located in Exhibit Q to the motion for summary judgment. (Doc. 52-13). The disqualification that is at the heart of this matter was founded upon a determination that Mr. Hines had obtained confidential information while representing the City and that a conflict of interest existed because he subsequently represented employees suing the City regarding that issue. Mr. Hines's discussion of breaches of client confidences facilely ignores that the Magistrate Judge found Mr. Hines engaged in a conflict of interest, no matter how much Mr. Hines tries to deny it.

Later in his statement of facts, Mr. Hines tries to insinuate bias or prejudice because Mr. Subodh Chandra was a former Assistant United States attorney who "worked closely" with federal judges, including the Honorable Judge Kathleen O'Malley. This is at odds with the last 250 years of American jurisprudence. Prosecutors appear in courtrooms. That is not the same as working closely with someone. To say that an attorney works closely with a judge when he or she appears in a courtroom mischaracterizes that relationship. By Mr. Hines's measure, no one who appeared in front of a judge could appear in front of that judge again. Appearing in front of a judge is not a grounds for recusal as listed in 28 U.S.C. § 455.

Regarding Plaintiff's statement of the case, it appears that Mr. Hines's largest issue is now with a rather short footnote, number 9, located on page 10 of the Court's Memorandum granting summary judgment in this lawsuit. Footnote 9 in its entirety provides as follows:

> Of note, the Ohio Supreme Court has since suspended Hines's license to practice law in Ohio for other reasons. This does not affect Hines's ability to represent himself *pro se*, but it is ironic given his arguments in this case.

In the motion for recusal Mr. Hines argues that:

2

> …the footnote gives the false impression that the plaintiff's law license was suspended for disciplinary related issues similar to the implications of misconduct in this case….

(Mot. Recusal at 5.)

In his recusal motion, Mr. Hines continues as follows:

> …the Court's misleading characterization of the plaintiff can be particularly damaging in his efforts to secure employment.

*Id.* at 5.

First, the Court in its footnote 9 did not mischaracterize Hines's suspension. It merely observed that the Ohio Supreme Court has suspended Hines's license to practice law "for other reasons." This is true. If one looks at the Ohio Supreme Court's website, under attorney information, the website states that there has been disciplinary action. On the next page of that website it says that the disciplinary action is a CLE suspension. (*See* Exhibit 1, attached Affidavit of Warren Rosman, and Exs. 2 and 3.) This CLE suspension is dated 01/09/2009. If one then looks at Mr. Hines's attorney CLE enforcement information there are four separate monetary sanctions imposed and a fifth one imposed for 2006-2007 that includes the attorney suspension. (*See* Ex. 4.) While this is not a disciplinary suspension, it is CLE suspension. In fact, Mr. Hines is a serial non-complier with the CLE requirements of the Ohio Rules for the Governance of the Bar, specifically Rule X.

Footnote 9 is a benign summary of Hines's problems with his legal licensure. It merely mentions that Mr. Hines's license is suspended and states nothing more. There are no implications from footnote 9 as to why Hines was suspended. The inferences Mr. Hines draws are simply incorrect. If Mr. Hines is having troubles finding employment, he might want to look inward rather than trying to blame a single footnote. Mr. Hines's search for employment is immaterial to anything

3

having to do with the Court's use of an (accurate) footnote. And the Court's statement in that footnote is not a basis for recusal.

## II. LAW AND ARGUMENT

The watershed case dealing with motions for recusal is *Liteky v. United States*, 510 U.S. 540 (1994). That case, which Mr. Hines fails to mention, holds, "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

The Court continued to hold:

> Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555.

As to "extra judicial sources," the Court further held:

> …neither the presence of an extrajudicial source necessarily establishes bias, or the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extra judicial source" *factor* than of an "extra judicial source" *doctrine* in recusal jurisprudence.

*Id.* at 554-55.

Here, the comment made in footnote 9 of the summary judgment order is so benign and is so measured in light of Mr. Hines's six-year (2002–07) serial refusal to acquire the appropriate continuing legal education that this could not constitute a display of deep-seated favoritism or antagonism that would make fair judgment impossible.

In essence, Mr. Hines does not like the judge's order granting summary judgment. This is exactly what *Liteky* says cannot be a valid basis for a motion seeking recusal.

4

For all of the reasons, this Court should deny Plaintiff's motion for recusal.

>Respectfully submitted,
>
>s/John S. Kluznik
>**JOHN S. KLUZNIK (0017473)**
>**JKluznik@westonhurd.com**
>**WARREN ROSMAN (0017510)**
>**WRosman@westonhurd.com**
>**Weston Hurd LLP**
>The Tower at Erieview
>1301 East 9th Street, Suite 1900
>Cleveland, OH  44114-1862
>(216) 241-6602
>(216) 621-8369 (fax)
>Attorneys for Defendants

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically through the Court's ECR System and sent by regular U.S. Mail, postage prepaid this 25th day of November, 2009 to:

Darryl A. Hines, Pro Se
legal6928@netzero.net
3035 Sawgrass Trail, SW
Lilburn, Georgia  30047
(770) 978-5689 (Telephone)
(770) 978-4940 (Facsimile)
*Plaintiff-Appellant, Pro Se*

                                                          s/John S. Kluznik
                                                          **JOHN S. KLUZNIK (0017473)**
                                                          **WARREN ROSMAN (0017510)**
                                                          Attorneys for Defendants